■ PEOPLE v DANA JONES.—Motion by defendant-appellant for an order granting leave to reargue is granted, and upon reargument the order of this court entered November 6, 1986 [124 AD2d 1076] is vacated, the judgment of the Supreme Court, New York County (Martin Evans, J. [at jury trial and sentence]), rendered January 11, 1983, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and imposed concurrent prison terms of 15 years to life (twice) and 1 to 3 years, is reversed, on the law, and the matter remanded for a new trial.

In his brief and argument on appeal to this court, defendant's main contention for reversal was breach by the prosecution of the Rosario rule (People v Rosario, 9 NY2d 286), arising from the following circumstances. At defendant's trial an important witness who participated in the drug sale which formed the basis for his conviction was one Takum Taza, an admitted former narcotics dealer, who testified that after being shot in the head in 1981 by a rival drug dealer, he retired from this criminal activity and became a paid confidential informant for the Drug Enforcement Administration.

Obviously, such a witness presented the defense with a promising opportunity for impeachment. Both in a posttrial motion (denied by Justice Evans) and in this court, defendant argued that his impeachment of Taza was illegally restricted by the prosecutor's failure to turn over, in accordance with *Rosario,* the following four documents:

(1) Five pages of notes on a legal pad concerning Taza written by the Trial Assistant, Assistant District Attorney Daniel Penofsky;

(2) Three pages of notes concerning Taza written by Assistant District Attorney Michael Manci;

(3) A DEA-6 form containing an initial debriefing of Taza conducted by Detective Lawrence Gerhold on January 29, 1981; and

(4) A DEA-6 form, dated February 3, 1981, containing a case initiation report with statements by Taza.

The People's brief on appeal conceded that at least two of these four documents constituted *Rosario* material. Defendant urged that under then existing law *(People v Perez,* 65 NY2d 154; *People v Consolazio,* 40 NY2d 446), no resort to "harmless error" analysis will avail to excuse full disclosure in compliance with *Rosario (supra).* The People countered with the argument that the rigid result in *Perez* and *Consolazio* (which would appear to all but foreclose harmless error analysis), should apply only where the failure to turn over the material was intentional, and that since (as found by Justice Evans) the failure here was clearly unintentional and not in bad faith, reversal here would be unwarranted.

Realistically, there is substantial support for the proposition that the People's nondisclosure here was truly harmless. The withheld documents would have disclosed the following discrepancies at variance with Taza's trial testimony: he started selling drugs in 1978, and not in 1980; he sold 250 to 500 (and not 100) quarters of heroin a week in the course of his drug-dealing career; he lost his last honest job as a cab driver for embezzling fare receipts and not because of tickets and violations that he had permitted to accumulate; and, he had been arrested in 1978 on a weapons charge. Because defendant successfully impeached Taza with many damaging matters, including his shootout with another narcotics dealer and his deep involvement in illegal drug traffic, there is much to be said for the view that these additional topics for impeachment were, in context, simply cumulative, if not trivial. That is the position that this court took in its unanimous affirmance.

Whatever may be the merits of his harmless error debate, however, the Court of Appeals put it all to rest on December 19, 1986 in its decision in *People v Ranghelle* (69 NY2d 56), which squarely held that even good-faith noncompliance by the prosecutor with the requirements of *Rosario (supra)* would not salvage a criminal conviction by opening the door to any recourse to harmless error. The Court of Appeals stated (at 63): "When the People delay in producing *Rosario* material, the reviewing court must ascertain whether the defense was substantially prejudiced by the delay. *When, however, the prosecution fails completely in its obligation to deliver such material to defense counsel, the courts will not attempt to determine whether any prejudice accrued to the defense. The failure constitutes per se error requiring that the conviction be reversed and a new trial ordered (see, People v Perez,* 65 NY2d 154, 159-160, *supra).* Finally, the People's good-faith effort to locate, identify and discover all *Rosario* material does not excuse their failure to produce covered material *(compare, People v Bigelow,* 66 NY2d 417, 427 [rejecting the 'good-faith exception' to the warrant requirement]; *People v Simmons,* 36 NY2d 126, 132 [People's good faith will not excuse failure to turn over *Brady* material])." (Emphasis added.)

Thus, our affirmance in this case cannot be reconciled with current law as now laid down by the Court of Appeals.

On this motion the People do not take serious issue with any of the foregoing. They simply argue that defendant's motion for reargument is untimely since, under rule 600.14 of this court, a motion for reargument must be made within 30 days after the appeal has been decided (22 NYCRR 600.14 [a]). While it is true that the time restrictions for reargument have been strictly applied in situations where a nisi prius court has responded favorably to a motion for reargument based on an interim change in the law *(Deeves v Fabric Fire Hose Co.,* 14 NY2d 633), greater flexibility has obtained at the appellate level *(Foley v Roche,* 86 AD2d 887). The fundamental rationale for denying reargument is that it should not serve as a device for extending the time of appeal *(Matter of Huie,* 20 NY2d 568; *Liberty Natl. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627). This is not the situation here. Defendant has made a timely application for leave to appeal to the Court of Appeals which is currently pending before Judge Kaye. Defendant has notified Judge Kaye of this application, and she has agreed to withhold her decision pending our determination of this motion.

Accordingly, we accept the opportunity presented to us to

rectify this error by reversing this conviction, and remanding for a new trial. In all candor, we reach this result with some reluctance, as it now appears that any breach by a prosecutor of his *Rosario* obligation, no matter how inadvertent and of trivial effect, must lead inexorably to a mandatory reversal. Concur—Sandler, J. P., Sullivan, Milonas and Wallach, JJ.