■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS JACKSON, Appellant. [622 NYS2d 808] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 16, 1992, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

As this Court has recently held, the People do not have the authority to resubmit charges which are the subject of a reduction order to a Grand Jury more than 30 days after the entry of the reduction order without obtaining the permission of the court (see, People v Rios, 203 AD2d 491; CPL 210.20 [6] [b]). The People having done precisely that, the Supreme Court should have granted the defendant's motion to dismiss the resultant indictment. We note that this is an issue which affects the jurisdiction of the court, and as such appellate review thereof was neither waived nor forfeited by the defendant (see, People v Callahan, 80 NY2d 273, 280; People v Boston, 75 NY2d 585, 589, n 2; People v Gerber, 182 AD2d 252).

Given that the defendant has already served more than the maximum permissible sentence for the misdemeanor with which the People were directed to charge the defendant pursuant to the reduction order, we decline to remit the matter for compliance with the direction contained in the reduction order. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur. [See, 154 Misc 2d 769.]