*784
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 When a trial court reduces an indictment to a lesser count on the basis of legally insufficient evidence, CPL 210.20 (6)— which stays the effectiveness of the reduction order for 30 days — gives the People the following three options: (a) accept the court’s order and file the reduced indictment, (b) resubmit the higher count to the same or a different Grand Jury or (c) challenge the propriety of the reduction by appealing the order to a higher court.
 

 This case calls upon us to address two questions resulting from what the trial court accurately described as a "vacuum” in the statute
 
 (People v
 
 Jackson, 154 Misc 2d 769, 776). Specifically, we must first decide what happens when the People fail to exercise any of the three options within 30 days. Must the court dismiss all charges pending against the defendant, or may the People proceed against the defendant on the reduced count? A second, related question is whether the People are precluded from resubmitting the higher count after 30 days have passed without first seeking permission of the court upon a showing of good cause. Not surprisingly, variations on both these questions have divided the trial courts
 
 (compare, People v Jackson, supra;,
 
 and
 
 People v Powell,
 
 148 Misc 2d 966,
 
 with People v Ferguson,
 
 159 Misc 2d 51;
 
 People v Nunez,
 
 157 Misc 2d 793; and
 
 People v Gega,
 
 151 Misc 2d 70).
 

 We agree with the People that neither the language nor the structure of CPL 210.20 contemplates dismissal of the reduced count as a result of the District Attorney’s failure to act within 30 days, and therefore answer the first question in the negative; the prosecution can proceed on the reduced count. Our answer to the second question, however, is in the affirmative: the statute requires the People either to resubmit the higher count within 30 days of the reduction order or, upon a showing of good cause, to seek leave of court for an extension of time in which to do so.
 

 In that the People here failed either to resubmit the higher count within 30 days or to show good cause for their delay, the only charge that remained viable after the expiration of the stay was the reduced count. While the People might have proceeded on the reduced count, the defendant has by now already served more than the maximum permissible sentence for that crime, and we therefore affirm the order of the Appellate Division dismissing the indictment.
 

 
 *785
 
 The relevant facts are undisputed. On March 7,1991, a Kings County Grand Jury indicted defendant of one count of Penal Law § 265.02 (4) (criminal possession of a weapon in the third degree) which makes it a crime to possess any loaded firearm in a place other than one’s home or business. On June 7, 1991, upon defendant’s motion to inspect the Grand Jury minutes and reduce the indictment (CPL 210.30), the trial court ordered the indictment reduced to criminal possession of a weapon in the fourth degree, a lesser included offense, on the ground that the People failed to establish that the location where defendant was observed with the firearm was not his home or business
 
 (see, People v Menchetti,
 
 76 NY2d 473, 478). The court then directed the People to proceed pursuant to CPL 210.20 (6) and adjourned the case to allow the People to exercise one of the three statutory options during the next 30 days.
 

 When the case reconvened 31 days later, on July 8, 1991, the People acknowledged that they had taken no action pursuant to CPL 210.20 (6). Assuming that the case would proceed on the reduced indictment, the trial court granted the People’s request for a one-month adjournment.
 
 [1]
 

 In the meantime, the People resubmitted the case and succeeded in obtaining a new indictment charging defendant with the more serious crime of attempted criminal possession of a weapon in the third degree. Defendant eventually pleaded guilty in satisfaction of the later indictment.
 

 Defendant then moved to withdraw his plea on the ground that the People’s re-presentment of attempted criminal possession of a weapon in the third degree more than 30 days after the original indictment had been reduced divested the Grand Jury of jurisdiction. Focusing solely on the question whether the People properly submitted the more serious count a second time, the trial court denied the motion, reading CPL 210.20 (6) as imposing no temporal limitation on the People’s authority to resubmit (154 Misc 2d 769,
 
 supra).
 

 Relying on its previous decision in
 
 People v Rios
 
 (203 AD2d 491), the Appellate Division disagreed, concluding that CPL 210.20 (6) required the People to obtain the explicit permission of the trial court in order to re-present more than 30 days after the reduction order (212 AD2d 732). Noting that defendant
 
 *786
 
 had. already served more than the maximum sentence permissible upon conviction for the offense of criminal possession of a weapon in the fourth degree, the Appellate Division did not address in any detail the reasons why CPL 210.20 would not have precluded resumption of the prosecution on the reduced indictment — as we now do.
 

 CPL 210.20, entitled "Motion to dismiss or reduce indictment,” provides the procedural mechanism for pretrial challenges to defects, procedural and substantive, in Grand Jury proceedings leading to an indictment. Prior to the passage of the recent amendments to CPL 210.20 at issue here, Trial Judges were powerless to reduce counts in indictments based on evidentiary insufficiency
 
 (see, People v Cruz,
 
 84 AD2d 962). Instead, the former statute permitted only outright dismissal on that basis. Yet because courts were required to sustain indictments when the evidence before the Grand Jury was sufficient to establish the offense charged or any lesser included offense, it was not uncommon for defendants to stand trial on and ultimately be convicted of crimes for which there had not been sufficient evidence before the Grand Jury
 
 (see,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 210.20 at 598).
 

 In fact, a Trial Judge’s inability under the former statute to reduce an indictment based on the evidentiary realities of the case at times had the effect of disadvantaging defendants in plea negotiations by giving prosecutors unfair bargaining power
 
 {see,
 
 1990 Report of Advisory Comm on Criminal Law and Procedure, reprinted in 1990 McKinney’s Session Laws of NY at 2860). Additionally, an "overcharged” indictment artificially inflated the number of peremptory challenges available to each side. These and other deficiencies in the former statute had the effect of significantly delaying the final resolution of criminal cases
 
 {id.).
 

 Responding to these problems, the Legislature in 1990 amended the statute to expressly authorize trial courts to reduce counts when appropriate. Thus, subdivision (1-a) of the statute now provides that if a court "finds that the evidence before the grand jury was not legally sufficient to establish the commission by the defendant of the offense charged in any count contained within the indictment,” it shall order the count reduced to "the most serious lesser included offense with respect to which the evidence before the grand jury was sufficient” (CPL 210.20 [1-a]). According to a State Executive Department memorandum in support of the 1990 amendment,
 
 *787
 
 "[plermitting judges to reduce counts of indictments that are not supported by grand jury evidence will provide a judge with flexibility to do justice when the grand jury evidence does not support an offense charged but does support a lesser included offense” (Mem of State Executive Dept, 1990 McKinney’s Session Laws of NY at 2381, 2383). Recognizing, however, the possibility that a defendant might be tempted to exercise the statutory right to plead guilty to the reduced indictment before the People had a fair chance to respond
 
 (see,
 
 CPL 220.60), newly added subdivision (6) further provides that "[t]he effectiveness of an order reducing a count or counts of an indictment * * * shall be stayed for thirty days following the entry of such order unless such stay is otherwise waived by the people” (CPL 210.20 [6]). Designed to deter misuse of reduction orders by defendants, this automatic 30-day stay keeps the scales from tipping too far the other way by protecting the People’s prerogatives both in making appropriate charging decisions and in conducting plea negotiations
 
 (see,
 
 1990 Report of Advisory Comm on Criminal Law and Procedure, reprinted in 1990 McKinney’s Session Laws of NY at 2860).
 

 Thus, on or before the conclusion of the 30-day period, the statute authorizes the People to exercise one of the following three options:
 

 "(a) Accept the court’s order by filing a reduced indictment * * *;
 

 "(b) Resubmit the subject count or counts to the same or a different grand jury within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause; * * * [or]
 

 "(c) Appeal the order pursuant to subdivision one-a of section 450.20” (CPL 210.20 [6] [a]-[c]).
 

 Turning to resolution of the first question presented— whether the People’s failure to exercise any of these three options before the expiration of the 30-day stay requires a dismissal on the merits — the common understanding of the term "stay” as merely a temporary suspension in the normal course of proceedings which are to resume once the stay is lifted persuades us that a dismissal is not required. A reading of the statute as a whole indicates that the 30-day stay was designed to serve as a waiting period to give the People time to reach a decision on how to proceed — not, as the defendant contends, as its own statutory limitations period.
 

 
 *788
 
 Moreover, the Legislature’s failure to specify dismissal as the proper remedy for the People’s failure to exercise one of the statutory options during the stay is significant. Presumably, had the Legislature intended there to be a dismissal of the reduced count, it would have so provided. As we stated in another context, "[t]he short answer to whether prosecution can be renewed * * * is that it may because the Criminal Procedure Law does not prohibit it”
 
 (People v Nuccio,
 
 78 NY2d 102, 104;
 
 see also, Matter of Jose R.,
 
 83 NY2d 388, 394). The teaching of cases like
 
 Nuccio
 
 and
 
 Jose R.
 
 is that courts should be wary of imposing the harsh remedy of dismissal in the absence of explicit statutory direction.
 

 Even within the confines of CPL 210.20 itself, there are circumstances where the Legislature has made clear its intention that there be a dismissal with prejudice. Subdivision (4), which relates to the consequences of a successful motion to dismiss— not merely reduce — a count in an indictment, expressly states that when the basis for the dismissal of a count is related to immunity, a previous prosecution or untimeliness, the dismissal "constitutes a bar to any further prosecution of such charge or charges, by indictment or otherwise, in any criminal court within the county” (CPL 210.20 [4]). " 'Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” ’ ”
 
 (Matter of Jose R.,
 
 83 NY2d at 394 [citations omitted]).
 

 The structure of the statute as a whole further supports our conclusion that failure of the People to act should not result in a bar to prosecution of the reduced count. Both options (b) (resubmission) and (c) (appeal) come with their own specified time limits. CPL 210.20 (6) (b), for example, provides that the People must resubmit "within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause.” Similarly, when the People opt to appeal pursuant to option (c), other provisions of the Criminal Procedure Law direct that they do so "within the jurisdictional 30 days specified in CPL 460.10 (1) (a) and (c)”
 
 (People v Gega,
 
 151 Misc 2d 70, 73). Option (a), by contrast, which allows the People to simply accept the court’s ruling by filing the reduced indictment, contains no such additional time limitation.
 

 Defendant argues that to allow the prosecution to continue on the reduced indictment notwithstanding the People’s inaction would render superfluous the language in the statute
 
 *789
 
 providing that the People "shall” (CPL 210.20 [6]) indicate their acceptance under option (a) "by filing a reduced indictment” (CPL 210.20 [6] [a]). However, in light of the legislative history evidencing strong concerns about protecting the People’s position in plea negotiations, it appears that the purpose of option (a) is to allow the People to go forward on the reduced indictment either by accepting a plea or by proceeding to trial without having to wait for the lifting of the stay. Thus, the People can "waive” their statutory right to the stay (CPL 210.20 [6]) any time after the entry of the reduction order and before the end of the 30-day period simply by filing the reduced indictment. Assuming that the People fail to take any action within 30 days, the court may then order the People to file the reduced indictment, which requires no formal action by the Grand Jury (CPL 1.20 [1]; 200.50 [8];
 
 see also, People v Nunez,
 
 157 Misc 2d 793, 799,
 
 supra).
 

 We next reach the question whether, in order to prosecute on the higher count, the People must resubmit the charge within 30 days of the reduction order unless the court, on good cause shown, extends the time. This question we answer in the affirmative.
 

 The People’s argument that option (b) contains no such time limit, and thus no bar to resubmission at any time, is contradicted by the statutory language itself. As noted above, CPL 210.20 is unambiguous: the People must "[rjesubmit the subject count or counts to the same or a different grand jury within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause” (CPL 210.20 [6] [b]). Thus, unlike the statute at issue in
 
 People v Cade
 
 (CPL 190.65), the statute here explicitly imposes a strict time limit on the People’s authority to resubmit (74 NY2d 410, 416).
 

 In order to overcome the 30-day time limit prescribed by option (b), the People rely on a common-law right to freely represent matters to a Grand Jury
 
 (see, People v Cade,
 
 74 NY2d at 414). As the court in
 
 People v Cade
 
 noted, however, the breadth of this power under the common law led to abuses and the Legislature reacted by enacting various provisions in the Criminal Procedure Law which — like the statute at issue here — limited the People’s previously unrestricted right
 
 (id.).
 

 The People also cite to CPL 200.80 which states if at any time before entry of a plea of guilty or commencement of trial, another indictment is filed charging a defendant with an of
 
 *790
 
 fense charged in the first indictment, the first indictment is superseded by the second indictment. They read this language as giving them an absolute right to seek a superseding indictment without court authorization in any case at any time. Nowhere, however, does CPL 200.80, which deals primarily with the legal effect of a subsequently filed indictment upon a previously filed indictment, give the People an unrestricted right to resubmit in every case at any time.
 

 CPL 210.20 provides that in situations where the People’s resubmitted count is again reduced by the court on grounds of evidentiary insufficiency, "such count or counts may not again be submitted to a grand jury” (CPL 210.20 [6] [b];
 
 see also,
 
 CPL 190.75 [3]). The People’s interpretation of CPL 200.80 would render this language meaningless. In fact, if CPL 200.80 actually means what the People say it means, then the People would not even be required to make a showing of "good cause” in order to resubmit beyond 30 days. Clearly, then, the general language in CPL 200.80 cannot be read to have the effect of overriding these more specific provisions in CPL 210.20.
 

 We believe the statute was instead intended to strike a balance between counts that have been dismissed, which can be resubmitted only with leave of the court (CPL 210.20 [4]), and counts that have been reduced, which can be re-presented without leave of court within the first 30 days and with the court’s permission thereafter (CPL 210.20 [6] [b]). Surely, dilatory behavior on the part of a prosecutor would constitute a sufficient ground to deny permission to resubmit a previously dismissed count under CPL 210.20 (4). Were we to ignore the clear statutory language imposing a time limit under CPL 210.20 (6) (b), we would not only be upsetting the statute’s delicate balance but also would be undermining the Legislature’s important goal of discouraging delay since a prosecutor would be entitled to resubmit a reduced count at any time after 30 days without having to obtain permission of the court first.
 
 [2]
 

 
 *791
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.
 

 [1]
 

 . At oral argument before this Court, counsel for the People acknowledged that there had been no showing of good cause for additional time to represent at the July 8 hearing; the adjournment was sought solely on the ground that the People were not yet ready for trial.
 

 [2]
 

 . Given the lack of explicit statutory direction as to the consequences of the People’s inaction, the Legislature may wish to revisit the statute to make its intention more plain. We note that the Advisory Committee on Criminal Law and Procedure recommended that CPL 210.20 (6) be amended to “clarify” that “in cases when the prosecution fails to exercise one of its options within 30 days * * *, the order [reducing the indictment] takes effect and the prosecution has an affirmative obligation to amend the indictment on its face [or] file a reduced indictment” (1992 Report of Advisory Comm on Criminal Law and Procedure, reprinted in 1992 McKinney’s Session Laws of NY at 3102-3103). Thus, the proposed amendment would add language at the
 
 *791
 
 end of subdivision (6) providing that "If the people fail to exercise one of the foregoing options, the court’s [reduction] order shall take effect and the people shall comply with paragraph (a) of this subdivision.”
 
 {Id.
 
 at 3104.)
 

 Though CPL 210.20 was in fact amended last year to conform to the recent death penalty legislation (L 1995, ch 1), the 1995 amendments were not applicable to defendant’s motion to dismiss, decided in 1992, and in any event do not provide a clear answer to the questions before us.