OPINION OF THE COURT
Peter M. Leavitt, J.
By decision and order entered June 5, 1996, this court granted defendant’s motion, pursuant to CPL 210.20 (1) (b), to dismiss the first count of the indictment and directed the People to file a prosecutor’s information charging defendant with the remaining petty offenses left in the indictment, in the Justice Court for the Village of Harrison (CPL 210.20 [1-a]). By decision and order entered July 22, 1996, this court granted the People’s motion to reargue and, upon reargument, adhered to its original determination. The People now move, by notice of motion, attorney’s affirmation, and reply memorandum of law, for leave, pursuant to CPL 210.20 (4), to resubmit the dismissed charge to a Grand Jury. Defendant’s opposition consists of an attorney’s affirmation.
Initially, it must be noted that there is a significant distinction between the mechanisms available to the People to apply for, and a court’s power to grant, leave to resubmit following a reduction order pursuant to CPL 210.20 (1-a) as op *303 posed to an order of dismissal only pursuant to CPL 210.20 (l).[1] (See, People v Jackson, 87 NY2d 782, 790 [1996].) Leave to resubmit following dismissal, as provided in CPL 210.20 (4), is not available where, as here, the People seek leave to resubmit a reduced count or an indictment dismissed because only petty offenses survived reduction. (See, People v Gega, 151 Misc 2d 70, 71-72 [Sup Ct, NY County 1992].) Indeed, no application for leave to resubmit is even mentioned in the relevant subdivision — i.e., CPL 210.20 (6) — since resubmission is one of the three options which the People may pursue, without leave, within 30 days of entry of a reduction order and since, for the duration of said period, the effectiveness of the reduction order is stayed. (CPL 210.20 [6] [b].) Leave of court is, however, required where the People seek to resubmit after the stay has expired. (CPL 210.20 [6] [b].)
In this case the stay of the effectiveness of the original reduction order expired on July 5, 1996. The People’s arguments to the contrary notwithstanding, the running of the 30-day period was not tolled for the consideration and determination of the People’s motion to reargue. The court is unaware of — and neither party has cited — any reported decision considering the effect of a motion to reargue upon the running of the stay. However, analysis of the legislative purpose behind CPL 210.20 (6), as derived in judicial interpretations of other provisions in — and the effect of — this subdivision and of other, analogous, provisions of the CPL, lead inescapably to this conclusion.
Fundamentally, as defendant points out, reargument is simply not one of the options which are expressly granted the People in the unambiguous and exclusive list contained in subdivision (6). Moreover, it has been held that the timely selection of an option which the statute does grant the People— i.e., to appeal (CPL 210.20 [6] [c]) — does not toll the running of the stay should they decide to pursue a different option — i.e., to resubmit (CPL 210.20 [6] [b]) — more than 30 days after entry of a reduction order. (People v Gega, supra, at 75.) Thus, while this court would be loathe to summarily deny a motion to reargue merely because there was no express statutory provision therefor, it sees no logical reason why the People’s election to pursue an "option” not listed among those which are *304 expressly provided should inure more drastically to their benefit then would the election of an option which is among those listed.
Generally, a motion to reargue does not extend, or toll the running of, a statutorily imposed time limitation which is triggered by entry of the judgment as to which reargument is sought. (See, e.g., Casey v Slattery, 213 AD2d 890, 890-891 [3d Dept 1995] [motion to set aside civil verdict]; Haughton v F.W.D. Corp., 193 AD2d 781 [2d Dept 1993] [appeal]; cf., Moskowitz v Lieberman, 158 Misc 2d 1031, 1037-1038 [Sup Ct, NY County 1993] [Statute of Limitations].) This principle applies to criminal, as well as civil, proceedings. (See, e.g., People v Marsh, 127 AD2d 945, 946 [3d Dept 1987]; People v Williams, 144 Misc 2d 688, 689 [Sup Ct, Kings County 1989] [interlocutory appeals by People].) Furthermore, the procedural requirements under which the People may pursue relief from a judgment as provided by statute have historically been strictly construed and enforced. (See, e.g., People v Doyne, 178 AD2d 870, 871 [3d Dept 1991] [failure to file notice of appeal "as statutorily mandated” is cause for dismissal of appeal]; People v Voutsinas, 62 AD2d 465 [3d Dept 1978] [interlocutory appeal of first of successively entered suppression orders is untimely even if People are unable to determine ability to proceed until after subsequent orders have been rendered more than 30 days later]; People v Merhige, 40 AD2d 223, 224 [3d Dept 1972] [where resubmission to a Grand Jury is permitted, "it may be accomplished only as expressly provided in the statute”].)
Also, tolling of the stay pending determination of the People’s motion to reargue herein would not advance, nor would running of the stay thwart, the legislative purpose behind CPL 210.20 (6). As the Court of Appeals found, in People v Jackson (87 NY2d 782, supra), the purpose behind the automatic stay of the effectiveness of a reduction order is to prevent abuse of a court’s power — to dismiss, or reduce the counts of, an indictment — by defendants who might otherwise exercise their right to enter a plea of guilty — to a dismissed or reduced, but redeemable, indictment or count — before the People have an opportunity to cure any insufficiencies through resubmission or to secure appellate review of the trial court’s determination. (Supra, at 786-787.) Thus, particularly where, as here, the reduction order explicitly identifies those items of evidence the absence of which rendered the original presentation to the Grand Jury legally insufficient, the integrity of the Grand Jury process is completely protected by the provisions *305 of CPL 210.20 (6) and the options expressly granted therein. If the People are in possession of said evidence they can present it to the Grand Jury on resubmission whether or not they agree with the reasoning advanced in the reduction order. (CPL 210.20 [6] [b].) If the People are not in possession of said evidence; or if they fear the precedential effect of the reduction order, they can file an appeal. (CPL 210.20 [6] [c].) At least so far as the purpose behind the stay is concerned, a motion to reargue in such circumstances would be, at best, superfluous, and, at worst, an "artifice designed to evade the time limitation” (Casey v Slattery, 213 AD2d, supra, at 891) of CPL 210.20 (6).
There is absolutely no indication that the People’s election to pursue the course which they did herein was motivated by anything other than good faith. Nevertheless, their failure to select one of the options enumerated in CPL 210.20 (6) within 30 days of entry of the reduction order mandated that, absent an application for an extension upon a showing of good cause therefor, they file a prosecutor’s information and proceed thereon in accordance with the terms of said order. (People v Jackson, supra, at 790; see also, People v Rios, 203 AD2d 491 [2d Dept 1994]; People v Nunez, 157 Misc 2d 793 [Sup Ct, Queens County 1993].) Accordingly, as the arguments submitted in opposition to the instant motion indicate that defendant recognized the applicability of CPL 210.20 (6), addressed the merits thereof and was not prejudiced by the People’s erroneous invocation of subdivision (4), the court has considered the People’s motion as if it had been properly brought for leave for untimely .resubmission pursuant to CPL 210.20 (6) (b).
The term, "good cause”, is not defined in section 210.20 or any other analogous provisions of the Criminal Procedure Law. But clearly the phrase was intended to warrant an extension of the time limitation only in "unusual circumstances”. (See, People v O’Doherty, 70 NY2d 479, 486 [1987] [untimely service of notice pursuant to CPL 710.30].) Nor is the prejudice, or lack thereof, which a defendant might suffer as a result of the People’s tardiness an element to be considered in the determination of "good cause” — except to the extent that an extension may be denied despite a showing of good cause if the defendant would be prejudiced thereby. (Supra, at 486-487.)
Nor — as the People imply — is the seriousness of the charge upon which resubmission is sought a factor to be considered in the determination of "good cause”. The statute expressly includes, in its stay provision, an order, "dismissing a count or *306 counts of an indictment charging murder in the first degree” (CPL 210.20 [6]) — the most serious charge in the Penal Law of the State of New York. Yet, the length of the stay of the effectiveness of such an order is no longer than it is for any other reduction order, and subdivision Ob) contains no language which would indicate that different standards or factors should be considered in the determination of "good cause” for the extension of a stay thereof. Had the Legislature intended that the seriousness of the charge be a factor, it would have said so — certainly, at least, as to a charge of murder in the first degree.
Suffice to say, this court agrees with the analysis enunciated by its esteemed colleague, the Hon. Stephen G. Crane, Justice of the Supreme Court, New York County, in People v Gega (151 Misc 2d, supra, at 76-77). Simply put, "good cause”, as provided in CPL 210.20 (6) (b), contemplates a delay due to practical difficulties in resubmission or compliance with the reduction order — e.g.: insurmountable congestion of the Grand Jury’s calendar; witness unavailability; or, inability to acquire timely possession of evidence which existed but was not presented to the original Grand Jury.
For example, the People now allege that, "upon resubmission [they] intend to introduce copies of notices that were mailed to the defendant advising him of impending suspensions”. (Affirmation in support of order for resubmission, at 5.) While such documents might well cure the legal insufficiency of the original Grand Jury presentation — and assuming, arguendo, that they would — the People do not allege that they were unaware of the existence, or unable to acquire possession, thereof prior to the expiration of the stay. Though the inability to acquire timely possession of necessary evidence may have constituted "good cause” for an untimely resubmission, the mere averment that such evidence will be presented on resubmission does not. Indeed, the only "cause” which can be inferred from the People’s papers as grounds for an extension of their time to resubmit is the pendency of their motion to reargue the reduction order.[2] Given that said event was ineffective as a tolling device, of course, the argument that it could achieve the same practical result in the guise of "cause” for an extension is, to say the least, unpromising. (See, People v Gega, supra.)
*307 Finally, even assuming, arguendo, that the People’s motion to reargue did toll the running, or did constitute "good cause” for an extension, of the stay the instant application would still be doomed. A net total of 51 days elapsed between the date of entry of the reduction order — i.e., June 5, 1996— and the date of the instant motion — i.e., August 16, 1996— excluding the 21 days — i.e., July 1, 1996 to July 22, 1996— during which the motion to reargue was pending.[3] The People’s contention that the stay stopped running upon the interposition of the motion to reargue and a new 30 days began to run upon the determination thereof, would, if accepted, invite interminable reargument and renewal applications which could effectively nullify the stay. (Cf., People v Gega, supra, at 76.) Even if the stay was tolled upon the People’s motion, the clock did not fail to resume ticking once that motion had been determined merely because they were contemplating their next move. (Cf., People v Powell, 148 Misc 2d 966, 969 [Sup Ct, Monroe County 1990] [period from expiration of stay to filing of reduced indictment as directed in reduction order should be considered postreadiness delay chargeable to the People for CPL 30.30 purposes].) And the People have averred no other reason for their failure to pursue one of the enumerated options during this period.
Accordingly, for all of the foregoing reasons, the People’s motion for leave to resubmit, or more properly for an extension of the time period during which they may resubmit, to a Grand Jury, the indictment dismissed by prior order of this court, is denied.

. For our purposes a "reduction order” is an order issued, pursuant to CPL 210.20 (1-a), "reducing a count or counts of an indictment or”, such as the June 5, 1996 order herein, "dismissing an indictment and directing the filing of a prosecutor’s information” (CPL 210.20 [6]).

. Indeed, the entire motion for leave to resubmit is itself little more than a second reargument of the court’s application of the law in the original reduction order.

. June 5, 1996, to July 1, 1996, equals 26 days and July 22, 1996, to August 16, 1996, equals 25 days, for a total of 51 days.