■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULAS HARPER, Appellant. [663 NYS2d 619] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered October 6, 1995, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the entry of an order in its discretion pursuant to CPL 160.50.

The People do not have the authority to resubmit charges which are the subject of a reduction order to a Grand Jury more than 30 days after the entry of the reduction order without obtaining the permission of the court upon a showing of good cause (*see, People v Jackson,* 87 NY2d 782; CPL 210.20 [6]). Moreover, this Court has held "that this is an issue which affects the jurisdiction of the court, and as such appellate review thereof was neither waived nor forfeited by the defendant" (*People v Jackson,* 212 AD2d 732). In the case at bar, the People did not comply with *People v Jackson* (87 NY2d 782, *supra*). Moreover, given that the defendant has already served more than the maximum permissible sentence for the misdemeanor with which the People were directed to charge the defendant pursuant to the reduction order, we decline to remit the matter for compliance with the direction contained in the reduction order. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.