THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McCOY, Appellant. [937 NYS2d 45]—

The court properly denied defendant's motion to dismiss the indictment, made on the ground that the prosecutor's questioning of defendant before the grand jury was allegedly improper. The cross-examination at issue was generally appropriate and responsive to defendant's testimony (*see People v Karp*, 76 NY2d 1006, 1008 [1990], *revg on dissenting op of Sullivan, J.,* 158 AD2d 378, 385-390 [1990]). In any event, any defects fell far short of impairing the integrity of the proceeding and creating a risk of prejudice (*see People v Huston*, 88 NY2d 400, 410 [1996]; *People v Darby*, 75 NY2d 449, 455 [1990]).

Defendant did not preserve his claim that the People improperly re-presented the attempted assault charges to a second grand jury without court authorization (*see People v Julius*, 300 AD2d 167, 168 [2002], *lv denied* 99 NY2d 655 [2003]). We have considered and rejected defendant's arguments for exempting his claim from the requirement of preservation, including his claim that an unauthorized re-presentation is a mode-of-proceedings error. This type of error is not jurisdictional (*People v Batista*, 299 AD2d 270 [2002], *lv denied* 99 NY2d 626 [2003]), and defects in grand jury procedure generally require preservation (*see People v Brown*, 81 NY2d 798 [1993]). We see no reason to create an exception here, and we decline to review this unpreserved claim in the interest of justice. In any event, although the People should have obtained the court's permission to resubmit the charges (*see People v Credle*, 17 NY3d 556 [2011]), the reasons for the withdrawal were "legitimate . . . and the underlying circumstances d[id] not provide a clear indication that the first grand jury's decisional authority was being subverted" (*id.* at 562).

Since defendant's request for a jury charge on the lesser included offense of attempted third-degree assault was made on a different ground from the ground he raises on appeal, he did not preserve his present claim (*see e.g. People v Liner*, 262 AD2d

250 [1999], *lv denied* 93 NY2d 1021 [1999]), and we decline to review it in the interest of justice. As an alternative holding, we find that there was no reasonable view of the evidence that defendant attempted to commit a third-degree assault but not a first-degree assault.

The court properly exercised its discretion in adjudicating defendant a persistent felony offender. The persistent felony offender statute (Penal Law § 70.10) is constitutional (*People v Quinones*, 12 NY3d 116 [2009]).

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.