■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SMITH, Appellant. [958 NYS2d 334]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J. at dismissal motion; Cassandra M. Mullen, J. at plea and sentencing), rendered March 22, 2011, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of $3^1/_2$ years, unanimously reversed, on the law, the indictment dismissed, and leave granted to the People to apply for an order permitting resubmission of the charges to another grand jury.

On January 4, 2010, defendant was arrested as part of an undercover drug buy and bust operation. Four days later, the People presented to a grand jury evidence of three charges against defendant: criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance on or near school grounds, and resisting arrest. After the presentation, the grand jury failed to muster a vote for indictment or dismissal for any of the charges, but took "no affirmative action" on them. After the prosecutor recalled witnesses for additional testimony, the grand jury voted to indict defendant for resisting arrest, but again took no action on the drug sale charges.

At defendant's arraignment later that month, the prosecutor stated that she intended to re-present the drug sale charges to another grand jury, but did not seek the court's authorization for the re-presentation. In February 2010, the prosecutor submitted the drug sale charges to a second grand jury, along with additional counts for defendants' possession of bags containing cocaine residue and crack pipes. The second grand jury voted to indict defendant for both drug sale charges and the possession charges, and thereafter the two indictments were consolidated.

In April 2010, defendant moved pursuant to CPL 210.20 for an order dismissing the drug sale charges on the ground that, after the first grand jury had failed to vote to indict on those charges, the prosecutor violated CPL 190.75 (3) by re-presenting them to the second grand jury without authorization. The court denied the motion on the ground that its permission was unnecessary where, as here, the first grand jury took no action on the drug charges and the prosecutor did not "withdraw" them before re-presenting.

In January 2011, defendant pleaded guilty to a reduced charge of criminal sale of a controlled substance in the fourth degree, in full satisfaction of the consolidated indictment.

It was error to deny defendant's motion to dismiss the drug sale counts. Under CPL 190.75 (3), the People cannot re-present

a charge that a grand jury has dismissed unless the court in its discretion authorizes or directs resubmission. Even without a formal grand jury vote, a charge can be deemed "dismissed" within the meaning of CPL 190.75 (3) if the prosecutor "prematurely takes the charge from the grand jury" (*People v Credle*, 17 NY3d 556, 558 [2011]). In *Credle*, after the People presented drug charges against the defendant to a grand jury, they unsuccessfully tried to muster sufficient votes to indict or dismiss, and then offered the grand jury the option of voting "no affirmative action" on the charges (*id.*). After the grand jury accepted that option, the People, without seeking the court's permission, terminated the proceedings and resubmitted the charges to a second grand jury, which indicted the defendant (*id.*). The Court of Appeals dismissed the drug charges, explaining that when a prosecutor terminates a grand jury's deliberations before it has disposed of the matter in one of the five ways permitted by CPL 190.60, the critical question as to whether a dismissal was effected was " 'the extent to which the [g]rand [j]ury considered the evidence and the charge' " (17 NY3d at 560, quoting *People v Wilkins*, 68 NY2d 269, 274 [1986]). In *Credle*, the prosecutor terminated the first grand jury proceedings after it had made a complete presentation and directed the jury to deliberate over the charges, and accordingly the proceedings were deemed to amount to a dismissal (17 NY3d at 560).

The People's attempt to distinguish this case from *Credle* on the ground that here the prosecutor did not formally "withdraw" the drug charges against defendant from the first grand jury, but instead allowed its term to expire, is unpersuasive. The distinction has no bearing on whether the charges were effectively dismissed by the grand jury's failure to indict after a full presentation of the case.

Defendant's guilty plea does not preclude his claim, because the prosecution's noncompliance with CPL 190.75 (3) was a jurisdictional defect (*see People v Hansen*, 95 NY2d 227, 230-232 [2000] [holding a defendant's "right to be prosecuted on a jurisdictionally valid indictment survive(s) (a) guilty plea"]). The prosecution's failure to adhere to the statutory procedure "affect[ed] the jurisdiction of the court, and as such appellate review thereof was neither waived nor forfeited by the defendant" (*People v Jackson*, 212 AD2d 732, 732 [2d Dept 1995], *affd* 87 NY2d 782 [1996] [where the prosecutor, without first obtaining the court's authorization pursuant to CPL 210.20 (6) (b), resubmitted charges that were the subject of a reduction order more than 30 days after the order's entry, the defendant's guilty

plea did not preclude his challenge on appeal]).* Concur—
Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.

---

* In *People v Jackson* (212 AD2d 732 [1995]), the People raised an argu-
ment similar to the argument that they raise here, namely, that the defend-
ant's guilty plea forfeited his claim that an unauthorized re-presentation of
charges to a second grand jury, because the error was non-jurisdictional. In af-
firming the reversal of the conviction on the merits without discussing that is-
sue (87 NY2d 782), the Court of Appeals necessarily rejected the People's for-
feiture argument. Accordingly, in view of *Jackson*, we decline to follow our
decision in *People v McCoy* (91 AD3d 537 [1st Dept 2012]). We note that the
appellate briefs for *McCoy* did not bring *Jackson* to the attention of the panel
that decided *McCoy*.