Judgment, Supreme Court, New York County (Renee A. White, J), rendered July 6, 2010, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously reversed, on the law, the plea vacated, the indictment dismissed, and leave granted to the People to apply for an order permitting resubmission of charges to another grand jury.
On March 12, 2010, police officers arrested defendant as part of a team that on that day stole several wallets and other items from restaurant patrons. Later that month, the People presented to a grand jury evidence against defendant of four counts of fourth-degree grand larceny, and five counts of jostling. After a four-day presentation, the grand jury indicted defendant for the jostling counts but failed to muster a vote either to indict defendant for the grand larceny counts or to dismiss those counts.
In April 2010, defendant applied for a bail reduction because the grand jury had only indicted him on the misdemeanor jostling counts. At a hearing later that month, the prosecutor opposed a reduction because the grand jury had not dismissed the felony counts but had instead taken “no affirmative action” with respect to them, and stated that he planned to re-present the grand larceny charges to another grand jury. The prosecutor did not seek the court’s authorization for this re-presentation. The court then reduced defendant’s bail.
*414 Three days later, the prosecutor presented the case to a second grand jury and asked it to indict defendant on the four grand larceny counts and also on three of the five jostling counts that the first grand jury had considered. After the re-presentation, the second grand jury returned a superseding indictment on all seven counts.
In June 2010, defendant pleaded guilty to one count of fourth-degree larceny, in full satisfaction of the charges in the outstanding indictment. He also pleaded guilty to two other pending charges.
On appeal, defendant contends that the People violated CPL 190.75 (3) by re-presenting the felony grand larceny counts in the indictment to a second grand jury without the court’s permission. Accordingly, defendant argues, he is entitled to the vacatur of his guilty plea and the dismissal of the second indictment.
Under CPL 190.75 (3), the People may not re-present a charge that a grand jury has dismissed unless the court in its discretion authorizes or directs resubmission. Even without a formal grand jury vote, a charge can be deemed “dismissed” within the meaning of CPL 190.75 (3) when the prosecutor “prematurely takes the charge from the grand jury” (People v Credle, 17 NY3d 556, 558 [2011]; People v Smith, 103 AD3d 430 [1st Dept 2013]). In Credle, after the prosecution presented drug felony charges against the defendant to a grand jury, it unsuccessfully tried to muster sufficient votes to indict or dismiss, and then offered the grand jury the option of voting “no affirmative action” on the charges (17 NY3d at 558). After the grand jury accepted that option, the People, without seeking the court’s permission, terminated the proceedings and resubmitted the charges to a second grand jury, which indicted the defendant (id.). The Court of Appeals dismissed the drug charges, explaining that when a prosecutor terminates a grand jury’s deliberations before it has disposed of the matter in one of the five ways permitted by CPL 190.60,* the critical question as to whether a dismissal was effected was “ ‘the extent to which the [g]rand [j]ury considered the evidence and the charge’ ” (17 NY3d at 560, quoting People v Wilkins, 68 NY2d 269, 274 [1986]). In Credle, the prosecutor terminated the first grand jury proceedings after it had made a complete presentation and directed the jury to deliberate over *415 the charges; accordingly the withdrawal was deemed a dismissal (17 NY3d at 560).
As this Court recently found in Smith under virtually identical circumstances, the People’s attempt to distinguish this case from Credle on the ground that here the prosecutor did not formally “withdraw” the charges against defendant from the first grand jury, but instead allowed its term to expire, is unavailing (Smith, 103 AD3d at 431-432). The critical question is whether the grand jury failed to indict after a full presentation of the case.
Defendant’s guilty plea does not preclude his claim, and his failure to preserve it does not preclude our review, because the prosecution’s noncompliance with CPL 190.75 (3) is a jurisdictional defect (see People v Hansen, 95 NY2d 227, 230-232 [2000] [holding a defendant’s “right to be prosecuted on a jurisdiction-ally valid indictment survive[s] [a] guilty plea”]). The prosecution’s failure to adhere to the statutory procedure “affect[ed] the jurisdiction of the court, and as such appellate review thereof was neither waived nor forfeited by the defendant” (People v Jackson, 212 AD2d 732, 732 [2d Dept 1995], affd 87 NY2d 782 [1996] [where the prosecutor, without first obtaining the court’s authorization pursuant to CPL 210.20 (6) (b), resubmitted charges that were the subject of a reduction order more than 30 days after the order’s entry, the defendant’s guilty plea did not preclude his challenge on appeal]; see also Smith, 103 AD3d at 432). Concur — Tom, J.P, Andrias, Acosta, Saxe and Freedman, JJ.

 Under the statute, the grand jury’s options with respect to a charge are limited to indicting (see CPL 190.65), dismissing (see CPL 190.75), directing the district attorney to file either a prosecutor’s information with a criminal court (see CPL 190.70) or a request for removal to the family court (see CPL 190.71), or submitting a grand jury report (see CPL 190.85).