■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MILLER, Appellant. [966 NYS2d 81]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered October 19, 2010, convicting defendant, after a jury trial, of four counts of grand larceny in the fourth degree and three counts of jostling, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously reversed, on the law, and the indictment dismissed, with leave to the People to apply for an order permitting resubmission of the charges to another grand jury.

The People sought an indictment for grand larceny in the fourth degree (four counts) and jostling (five counts), following which they filed a certificate of affirmative grand jury action with respect to the three counts of jostling and informed the court that the grand jury had taken no action on the grand larceny counts. Without obtaining leave of court, the prosecutor presented the case to a second grand jury, which returned an indictment on the four grand larceny counts, together with a superseding indictment on the three jostling counts. Defendant

then moved to dismiss the indictment on the ground that it had been obtained by utilizing "improper procedure."

The failure to obtain court authorization to re-present the charges to a second grand jury implicates the power to prosecute (*People v Smith*, 103 AD3d 430 [1st Dept 2013]; *People v Jackson*, 212 AD2d 732 [2d Dept 1995], *affd* 87 NY2d 782 [1996]); thus, defendant was not required to alert the court to the authorization requirement of CPL 190.75 (3), or otherwise object, in order to preserve the issue for appellate review. Where, as here, the prosecutor presented charges and the grand jury failed to vote to either dismiss them or indict the defendant, a situation arose "in which the court, and not the prosecutor, should have decided whether re-presentation to a second grand jury was appropriate" (*People v Credle*, 17 NY3d 556, 561-562 [2011]; *People v Wilkins*, 68 NY2d 269, 273-274 [1986]). In the absence of court authorization, dismissal of the indictment is required (17 NY3d at 562). Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.