Judgment, Supreme Court, New York County (Micki A. Scherer, J., at dismissal motion; Edward J. McLaughlin, J., at jury trial and sentencing), rendered November 5, 2008, convict *709 ing defendant of attempted assault in the first degree (two counts), burglary in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent felony offender, to an aggregate term of 16 years to life, unanimously reversed, on the law, the indictment dismissed, and leave granted to the People to apply for an order permitting resubmission of the charges to another grand jury.
In previously affirming defendant’s conviction (91 AD3d 537 [1st Dept 2012]), we rejected as unpreserved his argument that the People had violated CPL 190.75 (3) by re-presenting the attempted assault charges to a new grand jury, without court authorization, after a previous grand jury had adjourned without taking affirmative action on those charges (91 AD3d at 537). Thereafter, in a different case, we held that a claim of error under CPL 190.75 (3) implicates the court’s jurisdiction and, therefore, is not forfeited by a guilty plea (see People v Smith, 103 AD3d 430, 432-433 [1st Dept 2013], appeal withdrawn 21 NY3d 914 [2013], citing People v Hansen, 95 NY2d 227, 230-232 [2000], and People v Jackson, 212 AD2d 732 [2d Dept 1995], affd 87 NY2d 782 [1996]). In two subsequent cases, we held that, given the jurisdictional nature of a claim of error under CPL 190.75 (3) as recognized in Smith, such a claim need not be preserved for appellate review (see People v Miller, 106 AD3d 670, 671 [1st Dept 2013]; People v Dinkins, 104 AD3d 413 [1st Dept 2013]).
After we decided Smith, defendant moved for reargument of the instant appeal, urging that (as subsequently confirmed in Dinkins and Miller) the jurisdictional implications of the claim of error under CPL 190.75 (3) entitled him to appellate review of that claim even though it had not been preserved in the trial court. Although the application was made well beyond the 30-day limit for such motions (22 NYCRR 600.14 [a]), this Court’s precedent recognizes that such an otherwise untimely motion, when based on an interim change in the law, may be entertained when the moving defendant has timely sought leave to appeal to the Court of Appeals and the leave application remains pending at the time the reargument motion comes before this Court (see People v Jones, 128 AD2d 405, 407 [1st Dept 1987], affd 70 NY2d 547 [1987]). Since it is undisputed that defendant made a timely application to the Court of Appeals for leave to appeal from our previous decision, and we are advised that the leave application is being held in abeyance pending disposition of this motion, we may consider this motion on the merits.
Turning to the merits of the motion, we conclude that reargument should be granted and that, upon reargument, our previ *710 ous decision should be recalled and vacated, the conviction reversed and the indictment dismissed. As noted, our decisions in Smith, Dinkins and Miller establish that a claim of error under CPL 190.75 (3), being jurisdictional, need not be preserved for appellate review. To the extent the People urge us to reconsider whether any of these cases were correctly decided, we decline to do so under the principle of stare decisis. We note that, in opposing the motion, the People do not dispute that, under People v Credle (17 NY3d 556 [2011]) and our decision in Smith, the failure of the earlier grand jury in this case to take affirmative action on the attempted assault charges before adjournment constituted a dismissal of those charges for purposes of CPL 190.75 (3). On constraint of People v Miller (106 AD3d 670 [1st Dept 2013], supra), we reverse the burglary and weapon possession convictions, and dismiss the indictments thereon, although the earlier grand jury voted to indict on those charges. As in Smith, Dinkins and Miller, however, the People are granted leave to seek an order, pursuant to CPL 190.75 (3), permitting them to re-present all of the charges to another grand jury.
For the guidance of the court and parties in the event defendant is retried and the new trial results in a conviction, we note that the court properly exercised its discretion in adjudicating defendant a persistent felony offender. Moreover, the persistent felony offender statute (Penal Law § 70.10) is constitutional (People v Quinones, 12 NY3d 116 [2009], cert denied 558 US 821 [2009]). Finally, to the extent defendant’s pro se claims are not rendered moot by the foregoing, those claims have been considered and rejected. Concur — Tom, J.E, Friedman, De-Grasse, Richter and Manzanet-Daniels, JJ.
The decision and order of this Court entered herein on January 24, 2012 (91 AD3d 537 [2012]) is hereby recalled and vacated (see 2013 NY Slip Op 85392[U] [2013] [decided simultaneously herewith]).