People v Owens (2021 NY Slip Op 00958)





People v Owens


2021 NY Slip Op 00958


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


891 KA 19-00978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAURICE OWENS, DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 21, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the People are granted leave to apply for an order permitting resubmission of the charge to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that the People failed to seek leave pursuant to CPL 210.20 (4) to resubmit the matter to a second grand jury after County Court granted that part of defendant's omnibus motion seeking to dismiss the original indictment as against him on the ground that the evidence before the first grand jury was legally insufficient. "[T]he failure to obtain leave of court to present a matter to a second grand jury, where required, deprives the grand jury of jurisdiction to hear the matter, thereby rendering the indictment void . . . , which, in turn, deprives the court of jurisdiction" (People v Carr, 128 AD3d 1402, 1403 [4th Dept 2015], affd 30 NY3d 945 [2017]; see People v McCoy, 109 AD3d 708, 710 [1st Dept 2013]; People v Dinkins, 104 AD3d 413, 415 [1st Dept 2013]). Although, here, defendant failed to make a motion to dismiss the indictment issued by the second grand jury pursuant to CPL 210.20 (1), the failure of the People to obtain from the court authorization to submit the matter to the second grand jury deprived the second grand jury of jurisdiction to hear the matter, thereby rendering void the indictment issued by the second grand jury and depriving the court of jurisdiction, and the right to challenge a lack of jurisdiction cannot be waived by defendant (see Carr, 128 AD3d at 1403). Under these circumstances, we must dismiss the indictment issued by the second grand jury that is at issue on this appeal (see CPL 210.35 [5]; People v Wilkins, 68 NY2d 269, 276-277 and n 6 [1986]; see generally People v Tomaino, 248 AD2d 944, 947 [4th Dept 1998]). We note that there is no limit to the number of times that the People may resubmit a charge to a grand jury with leave pursuant to CPL 210.20 (4) (see People v Morris, 93 NY2d 908, 910 [1999]). We therefore grant leave to the People to apply to the court for an order permitting their resubmission of the charge to another grand jury (see Tomaino, 248 AD2d at 948; see also McCoy, 109 AD3d at 709-710; Dinkins, 104 AD3d at 413).
We have considered defendant's remaining contentions and conclude that they do not require a different result.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court