People v Felli (2022 NY Slip Op 04192)

People v Felli

2022 NY Slip Op 04192

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

111323
[*1]The People of the State of New York, Respondent,
v
Jay A. Felli, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Christopher Hammond, Cooperstown, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (Sophie J. Marmor of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Schuyler County (Morris, J.), rendered March 28, 2019, convicting defendant following a nonjury trial of the crimes of promoting prison contraband in the second degree and criminal possession of a controlled substance in the seventh degree.
In May 2017, defendant was arrested on a bench warrant and ultimately brought to a local jail for processing. After being advised that he could not bring any contraband into the jail, defendant initially denied having any. Later, in the course of an ensuing strip search and while taking off his sneakers, defendant pulled out a small bag containing cocaine and delivered it to the officer performing the search, explaining that he had forgotten that the bag was in a side pocket of his sneaker. Defendant was thereafter charged by indictment with promoting prison contraband in the first degree (count 1) and criminal possession of a controlled substance in the seventh degree (count 2). He was also charged by the same indictment with perjury in the first degree (count 3) for having allegedly provided false testimony to the grand jury — i.e., that he did not know that he possessed a controlled substance when he entered the jail. Defendant later successfully moved to dismiss count 1 of the indictment, as County Court agreed that the evidence before the grand jury was legally insufficient to show that defendant voluntarily introduced the contraband into the jail and that the subject cocaine constituted dangerous contraband (see CPL 210.20 [1] [b]). The People unsuccessfully moved to reargue, and they then appealed to this Court pursuant to CPL 450.20 (1) to challenge the dismissal of the top count.
During the pendency of that appeal, the People advised this Court that County Court stayed the effectiveness of its dismissal order, purportedly pursuant to CPL 460.40, and that the case thus proceeded to a bench trial upon the full indictment. Defendant was found guilty of the lesser included offense of promoting prison contraband in the second degree and criminal possession of a controlled substance in the seventh degree, and he was acquitted on the perjury count. The People's appeal was accordingly dismissed as moot (172 AD3d 1652, 1653-1654 [2019]). County Court sentenced defendant to a split sentence of 30 days in jail and a one-year conditional discharge. Defendant appeals from the judgment of conviction.
We agree with defendant that County Court improperly stayed its dismissal order. The People had appealed to this Court pursuant to CPL 450.20 (1). In pertinent part, that provision authorizes the People to appeal, as of right, from an order that dismissed an accusatory instrument or a count thereof pursuant to CPL 210.20. Except as provided for in CPL 460.40, the taking of an appeal from a judgment, sentence or order does not automatically stay the execution thereof. With respect to appeals by the People to an intermediate appellate court, an automatic stay [*2]results only in the case of an appeal pursuant to CPL 450.20 (1-a) "from an order reducing a count or counts of an indictment or dismissing an indictment and directing the filing of a prosecutor's information" or an appeal pursuant to CPL 450.20 (1) "from an order dismissing a count or counts of an indictment charging murder in the first degree" (CPL 460.40 [2]). Plainly, none of those circumstances are present.
To the extent that the People maintain that there is ambiguity in CPL 460.40 (2), we note that the stay provisions of CPL 460.40 were added at the same time that CPL 210.20 was amended to grant judges the authority to reduce counts of an indictment based upon legally insufficient evidence (see People v Jackson, 87 NY2d 782, 787 [1996]; L 1990, ch 209, §§ 13, 14). "Recognizing . . . the possibility that a defendant might be tempted to exercise the statutory right to plead guilty to the reduced indictment before the People had a fair chance to respond" (People v Jackson, 87 NY2d at 787), CPL 210.20 (6) was added to create an automatic 30-day stay solely for specifically described orders — the same limited circumstances addressed in CPL 460.40 (2). "Designed to deter misuse of reduction orders by defendants, this automatic 30-day stay keeps the scales from tipping too far the other way by protecting the People's prerogatives both in making appropriate charging decisions and in conducting plea negotiations" (People v Jackson, 87 NY2d at 787 [citation omitted]). As other courts have observed, the Legislature elected not to include stay provisions for dismissals pursuant to CPL 210.20 (1), other than those involving murder in the first degree,[FN1] or in the case of traditional appeals by the People pursuant to CPL 450.20 (1) (see People v Moquin, 77 NY2d 449, 455-456 [1991]; People v Scerbo, 59 AD3d 1066, 1067 [2009], lv denied 12 NY3d 821 [2009]; see also CPL 450.55, as added by L 1990, ch 209, § 18 [providing that appeals pursuant to CPL 450.20 (1-a) shall be expedited upon request of either party]).
Thus, there was no statutory authorization for a stay of County Court's dismissal order. Without a stay, the bench trial should not have included the charge of promoting prison contraband in the first degree, and, thus, there should have been no occasion for defendant to be convicted of the lesser included offense of promoting prison contraband in the second degree. Accordingly, we vacate that conviction.[FN2]
However, we disagree with defendant that his conviction of criminal possession of a controlled substance in the seventh degree is against the weight of the evidence. Indeed, another verdict would have been unreasonable (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The substance recovered from defendant's person was confirmed to be a small quantity of cocaine (see People v Mizell, 72 NY2d 651, 656 [1988]). The evidence at trial, which included defendant's testimony before the grand jury, fully demonstrated that defendant [*3]knowingly put the cocaine in his sneaker or sock at some point prior to his arrest, even if he forgot that he had it on his person thereafter (see People v Sanchez, 86 NY2d 27, 32-33 [1995]). The evidence thus amply supports his knowing, unlawful possession of a controlled substance (see Penal Law § 220.03).
Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of promoting prison contraband in the second degree as a lesser included offense under count 1 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

Footnotes

Footnote 1: The portions of CPL 210.20 and 460.40 concerning a count or counts of an indictment charging murder in the first degree were the subject of a subsequent act involving amendments to various laws in relation to the imposition of the death penalty (see L 1995, ch 1, §§ 9, 25).

Footnote 2: Defendant's remaining challenges involving this conviction are therefore academic.