the statutory maximum. Accordingly, defendant must be resentenced. Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO FRANCO, JR., Appellant.— On these appeals from three judgments of the County Court, Suffolk County, all rendered July 24, 1970, this court made a previous order permitting proceedings to be taken leading to a hearing as to defendant's competency at the times of his guilty plea and sentence and directing that the appeals would be held in abeyance in the interim (*People* v. *Franco*, 38 A D 2d 743). Such hearing has been held and an order thereon by the County Court, Suffolk County, was entered on May 8, 1973, in which it was adjudged that defendant was competent at the times of the guilty plea and sentence. The judgments and the order are now affirmed. No opinion. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS P. GENOVESE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered August 29, 1973, convicting him of attempted possession of a weapon *as a class E felony* (Penal Law, § 265.05, subd. 3; § 110.05, subd. 7), *upon his plea of guilty*, and sentencing him to an indeterminate prison term not to exceed three years. Judgment affirmed. Defendant contends that the failure of Criminal Term to follow CPL 200.60 (subd. 3) was error requiring that the guilty plea be set aside and the conviction vacated. We do not agree. The indictment was properly drawn, indicating that a higher grade of the crime was charged without making specific reference to the prior conviction. (CPL 200.60, subd. 1). The special information that must accompany the indictment, setting forth the prior conviction, was filed (CPL 200.60, subd. 2). It is clear that defendant and his attorneys were fully aware at the time of the plea of guilty that a felony and not a misdemeanor was the grade of the crime to which defendant was pleading. There was no trial requiring compliance with CPL 200.60 (subd. 3). Section 335-c of the former Code of Criminal Procedure, which required that a warning must be given to a defendant before accepting his plea of guilty to an offense for which increased punishment was authorized if the defendant had a prior conviction, was omitted from the Criminal Procedure Law. We believe, therefore, that under these circumstances, a defendant must be aware that he is pleading to a crime that carries a higher penalty because of his prior conviction(s). We find that defendant knowingly and intelligently entered such a plea and that there was no error in failing to arraign him upon a special information (CPL 200.60, subd. 3). Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD GILLIAM, Appellant.— Judgment of the Supreme Court, Queens County, rendered December 18, 1970, affirmed. No opinion. Cohalan, Christ, Benjamin and Munder, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Defendant has been convicted after a jury trial of the crime of robbery in the third degree. The conviction necessarily depended on the identification of defendant by the victim of the robbery and her 11-year-old son, as they testified that the crime occurred in an elevator of an apartment house with no one else present. They further testified that the robber ran from the elevator when it stopped at the fifth floor of the house. A neighbor of the victim testified for defendant. She stated that she saw a boy, not defendant, running up the stairs from the fifth floor toward the roof soon after the victim and her son entered the building. She was not allowed to testify, however, that the following day, when she was called to the office of the Housing Authority Police, she said that defendant

was not the boy she had seen running from the fifth floor. In my view, this evidence was admissible, since the prosecution had attacked her testimony as a recent fabrication (cf. *People* v. *Coffey*, 11 N Y 2d 142, 146; *People* v. *Singer*, 300 N. Y. 120, 124–125). Moreover, Criminal Term ruled that defendant could not call a police officer to testify on defendant's behalf. The officer had assisted in the investigation of the crime and was available in the courtroom as a witness. Criminal Term would not permit the officer to be sworn, on the ground that the evidence which defendant's counsel said he wished to elicit was irrelevant and immaterial. One of the pieces of evidence referred to by counsel was the fact that the neighbor had not identified defendant as the boy she had seen running from the fifth floor when she was present at the police station the day following the incident. As indicated, this evidence would have been relevant to combat the inference of recent fabrication drawn by the prosecution. But apart from this aspect of the importance of the witness, it is clear that the right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process (*Jenkins* v. *McKeithen*, 395 U. S. 411, 429; cf. *City of Detroit* v. *Morgan*, 11 Mich. App. 656). Defendant had the right to have the witness sworn and to ask questions of him. Upon proper objection, the court was entitled to rule on the admissibility of the evidence offered. Unless the offer of evidence is palpably in bad faith, the court should not exclude the witness from testifying. Here, the evidence sought to be elicited was not palpably offered in bad faith and it was error for the court to refuse to permit the witness to testify. A second police officer, though subpoenaed by defendant, did not appear at the time he was called. A reasonable adjournment of the trial until the next day should have been granted on defendant's application. For these reasons, I vote to reverse the conviction and for a new trial.