(June 26, 1986)

■ In the Matter of KENNETH GRIBETZ et al., Petitioners, v HARRY EDELSTEIN et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an oral ruling of the respondent Harry Edelstein, a Judge of the County Court, Rockland County, dated May 29, 1986, which precluded the petitioner Kenneth Gribetz, the District Attorney of Rockland County, from calling the petitioner Alan J. Tuckman to testify as an expert witness for the prosecution in the case of People v John Bruetsch.

Petition granted, without costs or disbursements, and the respondent Edelstein is prohibited from precluding the Dis-

trict Attorney of Rockland County from calling the petitioner Tuckman to testify in any criminal case on the basis of Tuckman's relationship to an employee on the staff of the District Attorney.

The respondent John Bruetsch is the defendant in a criminal case in which he is charged with causing the death of his wife by shooting her with a gun. Bruetsch entered a plea of not guilty and subsequently served notice on the prosecution of his intention to rely upon lack of criminal responsibility by reason of mental disease or defect as a defense to the charge. Thereafter, Bruetsch was examined by two psychiatrists—retained and paid for by him—who reported that they were of the opinion that, at the time of the offense, Bruetsch lacked criminal responsibility as a result of mental disease or defect. The prosecution subsequently advised defense counsel of its intention to have Bruetsch examined by Dr. Alan J. Tuckman, the only board certified forensic psychiatrist in Rockland County and the only forensic psychiatrist employed by the County of Rockland.

At a conference before Judge Harry Edelstein, defense counsel for Bruetsch made an oral application to preclude the prosecution from using Dr. Tuckman as an expert witness on the ground that Dr. Tuckman is married to a Senior Assistant District Attorney, Mrs. Ellen Tuckman. Mrs. Tuckman is not involved in the prosecution of People v Bruetsch. Judge Edelstein granted the application, stating, "I think [Dr. Tuckman] is a fair man. I think [Mrs.] Tuckman is a fine assistant district attorney, but the appearance of justice to me is just as important as justice itself". The Judge further stated that Dr. Tuckman would be precluded from testifying in every case before the court when an application to preclude was made by the defense.

The District Attorney and Dr. Tuckman commenced this CPLR article 78 proceeding to challenge Judge Edelstein's power to preclude Dr. Tuckman from testifying as an expert witness for the prosecution. The threshold issue is whether a CPLR article 78 proceeding will lie in these circumstances. We hold in the affirmative.

If a court "act[s] in excess of its powers, and it affirmatively appears that this will be done in violation of a person's, even a party's, rights, but especially constitutional rights, prohibition will lie to restrain the excess of power" (La Rocca v Lane, 37 NY2d 575, 580).

While a court has authority to exclude the testimony of a

witness in proceedings before it, that authority is not unlimited. In exercising the power to exclude the testimony of a witness, a court may not prospectively exclude the entire testimony of a witness in the absence of a showing that such testimony is offered in palpable bad faith. Such an action would violate the right to present evidence by witnesses of one's own choosing, a fundamental ingredient of due process *(People v Gilliam,* 37 NY2d 722, *revg* 45 AD2d 744 on dissenting opn of Hopkins, J.; *People v Daly,* 98 AD2d 803, 804). Dr. Tuckman's marital relationship to a Senior Assistant District Attorney goes not to his competency as a witness, but rather to his credibility. Possibility of bias, interest or hostility in favor of the People may be elicited at trial during cross-examination (Richardson, Evidence § 503 [Prince 10th Ed]; Fisch, NY Evidence § 467 [2d ed]; *cf. Marshall v City of New York,* 100 NYS2d 388, *affd* 278 App Div 812).

In the instant matter the court made an erroneous determination and exceeded its jurisdiction in prospectively excluding the testimony of Dr. Tuckman which was, unquestionably, not offered in bad faith. Despite this conclusion, prohibition is an appropriate remedy only if an appeal or other proceeding would be inadequate to prevent the harm caused by Judge Edelstein's act in excess of his power *(La Rocca v Lane,* 37 NY2d 575, 579, *supra).*

Prohibition is appropriate here because the petitioners have no other recourse to test the propriety of Judge Edelstein's ruling; regardless of the ultimate outcome of the case, that ruling will be nonreviewable. Moreover, the gravity of harm caused by the ruling is extreme. By his erroneous ruling Judge Edelstein not only precluded Dr. Tuckman from testifying as an expert witness on behalf of the prosecution in the case against the respondent Bruetsch, but in future actions not yet commenced, as well. By virtue of his ruling Judge Edelstein jeopardized Dr. Tuckman's continued service with Rockland County. Accordingly, we conclude that the exceptional circumstances presented in this case warrant a determination prohibiting Judge Edelstein from enforcing his oral ruling. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.