■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CUMMINGS, Appellant. [595 NYS2d 167] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant's conviction of criminal possession of stolen property in the fourth degree was supported by legally sufficient evidence and was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We conclude, however, that reversal is mandated because the trial court erred in striking the testimony of Robert McCants. McCants had been indicted, along with defendant, for his participation in the robbery of Muriel Catalfo's purse on May 12, 1990. After McCants pleaded guilty to robbery in the third degree, he was called by the People to testify at defendant's trial. He testified that, after forcibly taking Catalfo's purse, he ran, got into the passenger side of a Lincoln and drove away. After he drove away from the scene of the robbery, he picked up defendant and Johnny James. Because McCants' testimony was damaging to the People's case, and contrary to his prior statement to the police, the prosecutor requested that the

court instruct him concerning possible perjury charges. After an in-chambers conference, the trial court concluded that the People had breached their plea agreement with McCants and precluded his further direct examination. In so doing, the court prohibited the People from impeaching McCants with his prior inconsistent statement. The prosecutor and McCants' attorney requested that the court strike his direct testimony. Defense counsel objected to the striking of that relevant and material testimony and waived his right to cross-examine McCants. The court struck McCants' testimony and directed the jury to disregard it.

Because defendant waived his right to cross-examine McCants, the striking of direct testimony was not required by restricted cross-examination (cf., People v Chin, 67 NY2d 22; People v Farruggia, 77 AD2d 447, 452). Absent counterbalancing considerations, defendant had the right to have that highly relevant and exculpatory testimony considered by the jury (cf., People v McKinley, 72 AD2d 470). The facts that the People's case was damaged by McCants' testimony and that they were not permitted to impeach his testimony with his prior inconsistent statements, or that the People breached a plea agreement with McCants by calling him to testify, are not grounds to strike his testimony. Defendant should not be prejudiced by the People's misjudgment in calling McCants.

The striking of McCants' testimony cannot be deemed harmless error because the proof against defendant was not overwhelming and there is a reasonable probability that defendant would have been acquitted but for the error (see, People v Johnson, 57 NY2d 969, 970). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.