■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINA M. CASEY, Appellant. [887 NYS2d 714]—

Kavanagh, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered January 14, 2008, convicting defendant upon her plea of guilty of the crime of assault in the third degree.

On July 29, 2006, the victim was seriously injured as a result of being attacked by numerous individuals while outside a bar

located in the City of Ogdensburg, St. Lawrence County.[1] Defendant denied any involvement in this attack, but admitted to punching the victim in the nose with her fist earlier that evening while they were inside the bar.[2] After being charged by indictment with assault in the second degree, defendant moved to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient to establish that the victim had sustained a serious injury as the result of the assault. Upon review of the grand jury minutes, County Court agreed and reduced the charge contained in the indictment to assault in the third degree. Subsequently, defendant pleaded guilty to the reduced charge, waived her right to appeal and was ultimately sentenced to 365 days in jail. Defendant now appeals.

Defendant initially claims that the procedure employed by County Court to reduce the charge contained in the indictment did not comply with relevant statutory procedures and served to create a jurisdictional defect that deprived it of jurisdiction to take her guilty plea. Given that defendant's claim is jurisdictional in nature, it is not precluded by the waiver of her right to appeal or her guilty plea (*see People v Bethea*, 61 AD3d 1016, 1017 [2009]; *People v Antoniou*, 59 AD3d 805, 806 [2009]; *see also People v Cullen*, 62 AD3d 1155, 1157 [2009]; *People v Burdo*, 1 AD3d 793, 794 [2003], *lv denied* 2 NY3d 761 [2004]; *compare People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009]).

As relevant herein, CPL 210.20 (6) provides that when a court decides to reduce a count contained in an indictment on the ground that it is not supported by legally sufficient evidence, the People do one of the following: (1) accept the court's order and file a prosecutor's information containing the reduced charge; (2) re-present the matter to a grand jury; or (3) appeal the court's order. County Court, when it decided that the evidence presented to the grand jury was legally insufficient to sustain a charge of assault in the second degree, by its own hand, changed the wording of the indictment so that it charged

---

1. Defendant, as well as her brother, Jared Casey, and cousin, Jacob Brabant, was arrested and originally charged with gang assault in connection with this incident. However, defendant, when indicted, was charged with individually assaulting the victim and not with acting in concert with any other individuals during the attack. Both Brabant and Casey were found guilty after trial of assault in the second degree and both judgments of conviction were subsequently affirmed (*People v Brabant*, 61 AD3d 1014 [2009], *lv denied* 12 NY3d 851 [2009]; *People v Casey*, 61 AD3d 1011 [2009], *lv denied* 12 NY3d 913 [2009]).

2. According to the victim, his nose was fractured as a result of being struck by defendant.

defendant with assault in the third degree. The People did not take any action in response to the court's decision and chose to proceed on the indictment as amended by the court. The issue raised by this appeal is whether the decision by the People to proceed on the indictment as amended by the court satisfied their obligation under CPL 210.20 (6). We find that it did not.

Where a court acts to reduce a charge contained in an indictment and the People fail within 30 days to take any action in response to this decision, the order directing the reduction shall take effect and the People are obligated, if they intend to pursue a prosecution, to either file an instrument containing the reduced charge or obtain permission to re-present the matter to a grand jury (see CPL 210.20 [6] [b]). There is no statutory authority for the court to amend that indictment and, in its own words, draft an accusatory instrument charging defendant with a reduced crime. Its authority in this circumstance is strictly defined by statute and is limited to a determination as to whether the charges contained in the indictment are supported by legally sufficient evidence. The drafting of an accusatory instrument that reflects the court's finding and charges a defendant with a crime that is supported by legally sufficient evidence is a statutory obligation that must be fulfilled by the People. As such, we find that the indictment as amended by County Court was jurisdictionally defective and defendant's conviction must be reversed.

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.