# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

179

KA 12-01632

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

FRANK ARENA, DEFENDANT-APPELLANT.

---

SCHIANO LAW OFFICE, P.C., ROCHESTER (MICHAEL P. SCHIANO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 1, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree, robbery in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in first degree (Penal Law § 160.15 [3]), robbery in the second degree (§ 160.10 [1]), assault in the second degree (§ 120.05 [6]), and burglary in the first degree (§ 140.30 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We agree with defendant, however, that Supreme Court erred in refusing to allow him to call a defense witness at trial. We therefore reverse the judgment of conviction and grant defendant a new trial.

Defendant and his codefendant were charged with beating the victim and forcibly stealing property from him. Those crimes were committed on May 2, 2010. According to the People, defendant's motive was to retaliate against the victim for informing the police, in an anonymous 911 call on April 18, 2010, that defendant was growing marihuana in his house. Prior to trial, the court granted the People's motion to admit *Molineux* evidence to that effect (*see People v Molineux*, 168 NY 264, 293-294). During the prosecutor's opening statement, she referred repeatedly to defendant's alleged motive for revenge, and evidence of that motive was admitted on the People's

direct case. After the People rested, defense counsel sought to call a witness (hereafter, proposed witness) who was on the witness list submitted to the court by defendant prior to voir dire. The prosecutor asked for an offer of proof, asserting that the anticipated testimony of the proposed witness was "tangential to the issues here." In response, defense counsel stated that the proposed witness intended to testify that on April 18, 2010 — the same day on which defendant was arrested on the marihuana charge — defendant accused the proposed witness of being the informant but did not assault or threaten him. The court precluded the proposed witness from taking the stand, ruling that his proposed testimony was "not relevant to the issues presented to this jury, namely what, if anything, occurred on May 2, 2010," when defendant allegedly assaulted and robbed the victim. Defense counsel objected to the court's ruling and, after defendant testified and called several other witnesses, the jury rendered a guilty verdict on all counts.

It is well settled that "a defendant's 'right to present his own witnesses to establish a defense . . . is a fundamental element of due process of law' " (*People v Williams*, 81 NY2d 303, 312, quoting *Washington v Texas*, 388 US 14, 19). In fact, "[f]ew rights are more fundamental than that of an accused to present witnesses in his [or her] own defense" (*Chambers v Mississippi*, 410 US 284, 302). Thus, the testimony of a defense witness should not be prospectively excluded unless the offer of such proof is palpably in bad faith (*see People v Gilliam*, 37 NY2d 722, *revg on dissenting op of Hopkins, J.*, 45 AD2d 744, 745; *People v Wilkerson*, 294 AD2d 298, 299, *lv denied* 98 NY2d 772). Instead, courts upon proper objection should "rule on the admissibility of the evidence offered" (*Gilliam*, 45 AD2d at 745).

Here, the People do not suggest that the testimony of the proposed witness was offered in bad faith, and the court did not make such a finding at trial. Indeed, there is no basis in the record for concluding that the offer of proof was palpably in bad faith. The court therefore should have allowed the proposed witness to testify, whereupon the prosecutor could object to any testimony she deemed inadmissible or improper.

In any event, contrary to the People's contention and the court's determination, the proposed testimony was not inadmissible on relevancy grounds. As a general rule, "[e]vidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola*, 71 NY2d 769, 777). The proposed testimony was relevant to the issue of motive, as posited by the People. Having allowed the People to admit *Molineux* evidence regarding defendant's motive for revenge against the victim, the court should not have prohibited defendant from calling a witness whose testimony, if believed, may have tended to make the People's theory of motive less probable than it would be without the proffered testimony (*see generally id.*).

Finally, the People contend in the alternative that the court's ruling was proper because the proposed testimony constituted

inadmissible hearsay.  Even if we were to agree with that contention, which we do not, we could not affirm the judgment on that basis because the court did not preclude the proposed witness from testifying on hearsay grounds and our review is limited to the ground relied upon by the court (*see People v Concepcion*, 17 NY3d 192, 194-195; *People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 93 NY2d 849).

All concur except SCUDDER, P.J., and MARTOCHE, J., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent because we cannot agree with the majority that Supreme Court committed reversible error in refusing to allow defendant to call a defense witness whose testimony was, according to defendant, relevant on the issue of motive.  While we recognize the constitutional right of a defendant to present a defense, including presenting his or her own witnesses (*see People v Williams*, 81 NY2d 303, 312), a defendant does not have an unfettered right to offer testimony that is incompetent, privileged or otherwise inadmissible under the rules of evidence (*see People v Hayes*, 17 NY3d 46, 53, *cert denied* ___ US ___, 132 S Ct 844).  The mere invocation of the right to offer testimony cannot automatically and invariably outweigh countervailing public interests (*see Taylor v Illinois*, 484 US 400, 414-415, *reh denied* 485 US 983).  Such interests include whether the probative value of the evidence "is outweighed by the danger that its admission would confuse the main issue and mislead the jury" (*People v McKinley*, 72 AD2d 470, 474; *see People v Harris*, 209 NY 70, 82).  Here, the court concluded that the testimony would not be relevant to the issues at trial.  We agree with that conclusion.  The proffered testimony that defendant contacted another person suspected of giving information to the police about him two weeks before the incident in question and did not assault that person is not relevant to the issue whether defendant assaulted the victim in this case.  Indeed, in our view the connection of the proffered testimony to the alleged assault was "neither apparent nor logical on its face" (*Williams*, 81 NY2d at 315).  We further conclude that the witness' proffered testimony was "not highly relevant and exculpatory" (*People v Cummings*, 191 AD2d 1012, 1013) but, rather, it was " 'too . . . remote[] or conjectural to have any legitimate influence in determining the fact[s] in issue' " (*People v Barnes*, 109 AD2d 179, 184).  Thus, in our view, the court did not err in refusing to allow defendant's proposed witness to testify.

Entered:  May 3, 2013

Frances E. Cafarell
Clerk of the Court