■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LYONS, Appellant. [978 NYS2d 47]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 31, 2011, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In October 2007, the defendant allegedly hit his daughter (hereinafter the complainant) multiple times on the arms, legs, back, and torso with a metal cane, causing her to sustain linear bruising injuries and a laceration to her forehead. He was charged with assault in the second degree and endangering the welfare of a child. At trial, on the defendant's case, the defendant's son (hereinafter the son) testified, among other things, as to his observation of the incident and as to statements that the complainant allegedly made on the telephone about the incident that directly contradicted her trial testimony. Upon the People's application, the trial court struck the son's entire testimony, in

part because the defendant failed to lay a proper foundation for the son's testimony regarding the complainant's alleged inconsistent statements and in part because the court concluded that the son's testimony was fabricated. The defendant was convicted of endangering the welfare a child. On appeal, the defendant contends, among other things, that the trial court deprived him of his right to present a defense by striking the son's testimony.

The trial court did not err in striking so much of the son's testimony as related to the complainant's telephone conversations, inasmuch as the defendant failed to lay a foundation for it (*see People v Duncan*, 46 NY2d 74, 80-81 [1978]; *People v Laurey*, 24 AD3d 1107, 1109 [2005]; *People v Fiedorczyk*, 159 AD2d 585, 586-587 [1990]; *cf. People v Ocampo*, 28 AD3d 684, 685 [2006]; *but cf. People v Bradley*, 99 AD3d 934, 937 [2012]). Indeed, the defendant failed to question the complainant at all about these alleged prior inconsistent statements. The court, however, erred in striking that portion of the son's testimony which concerned his own alleged observations of the incident. The striking of that testimony, which was relevant and material, deprived the defendant of his constitutional right to present a defense (*see People v Gilliam*, 37 NY2d 722 [1975], *revg on dissent below* 45 AD2d 744 [1974]; *cf. Taylor v Illinois*, 484 US 400 [1988]; *People v Siegel*, 87 NY2d 536, 544 [1995]; *People v Arena*, 106 AD3d 1445, 1446-1447 [2013]; *People v Murray*, 79 AD2d 993, 994 [1981]). Moreover, this error was not harmless beyond a reasonable doubt because the evidence of the defendant's guilt was not overwhelming and there is a reasonable possibility that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Thompson*, 111 AD3d 56, 67-68 [2013]).

Accordingly, the judgment of conviction must be reversed, and a new trial ordered.

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.