SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

914

KA 11-00971

PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHRISTOPHER CHADICK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 29, 2011. The judgment convicted defendant upon a jury verdict, of scheme to defraud in the second degree, scheme to defraud in the first degree, grand larceny in the fourth degree (three counts) and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on counts two, five, six, seven, eight and nine of the indictment, and count one of the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that County Court erred in sua sponte striking the entire testimony of his codefendant after the codefendant invoked his privilege against self-incrimination, and we therefore reverse the judgment and grant a new trial on counts two, five, six, seven, eight and nine of the indictment. We conclude that the court erred in failing to "weigh the options" in a "threshold inquiry" to determine whether "less drastic alternatives" were available, other than striking the entire testimony of the codefendant (*People v Vargas*, 88 NY2d 363, 380). Here, the codefendant provided testimony that, if allowed to remain in the record, would have supported defendant's positions that defendant did not engage in any scheme to defraud, and that the codefendant had pleaded guilty with respect to similar charges brought against him in order to avoid

harsher penalties, and not because the codefendant had engaged in any fraudulent conduct. We further conclude that defendant had the right to have such "relevant and exculpatory testimony considered by the jury" (*People v Cummings*, 191 AD2d 1012, 1013). We also conclude that the court's error in striking the codefendant's testimony is not harmless inasmuch as "the proof against defendant [is] not overwhelming and there is a reasonable probability that defendant would have been acquitted but for the error" (*id.*, citing *People v Johnson*, 57 NY2d 969, 970).

Finally, we note that the court reduced the charge of count one of the indictment from scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]) to scheme to defraud in the second degree (§ 190.60) on the ground that the grand jury minutes were not legally sufficient to support the more serious charge. The record establishes that, although the People accepted the court's order, they failed to file a reduced indictment as required by CPL 210.20 (6) (a) (*see People v Casey*, 66 AD3d 1128, 1129-1130). Inasmuch as " '[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (*People v Dumay*, 23 NY3d 518, 522, quoting *People v Dreyden*, 15 NY3d 100, 103; *see generally* CPL 200.10), count one of the indictment must be dismissed (*see Casey*, 66 AD3d at 1129-1130).

Entered: November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court