# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**531**

**KA 14-00408**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT HAIGLER, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered September 5, 2013.  The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the indictment is dismissed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of promoting prison contraband in the second degree (Penal Law § 205.20 [2]), defendant contends that the judgment of conviction must be reversed because there was no valid accusatory instrument in existence at the time of the plea.  We agree.  Defendant was indicted in a one-count indictment charging him with promoting prison contraband in the first degree (Penal Law § 205.25 [2]).  County Court granted defendant's motion to review the grand jury minutes and, upon that review, concluded that the evidence before the grand jury was not legally sufficient to support that charge but was sufficient to support the lesser included offense of promoting prison contraband in the second degree.  Defendant then pleaded guilty to the lesser included offense.

"CPL 210.20 (6) provides that when a court decides to reduce a count contained in an indictment [to a misdemeanor] on the ground that it is not supported by legally sufficient evidence, the People do one of the following: (1) accept the court's order and file a prosecutor's information containing the reduced charge; (2) re-present the [higher count] to a grand jury; or (3) appeal the court's order" (*People v Casey*, 66 AD3d 1128, 1129; *see People v Jackson*, 87 NY2d 782, 784).  Here, however, the People did not take any of those three actions, and defendant pleaded guilty to the reduced charge.  Inasmuch as " '[a]

valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (*People v Dumay*, 23 NY3d 518, 522, quoting *People v Dreyden*, 15 NY3d 100, 103), the plea must be vacated and the indictment dismissed (*see Casey*, 66 AD3d at 1130; *see also People v Chadick*, 122 AD3d 1258, 1259).

In light of our determination, we do not consider defendant's remaining contention.

Entered:  June 10, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court