People v Chadick (2018 NY Slip Op 04487)





People v Chadick


2018 NY Slip Op 04487


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


758 KA 15-02038

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER CHADICK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 30, 2015. The judgment convicted defendant, upon a nonjury verdict, of grand larceny in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant previously was convicted following a jury trial of scheme to defraud in the first degree
(§ 190.65 [1] [b]), scheme to defraud in the second degree (§ 190.60), three counts of grand larceny in the fourth degree (§ 155.30 [1]) and two counts of petit larceny (§ 155.25), but we reversed the judgment, dismissed the count of scheme to defraud in the first degree and granted a new trial with respect to the remaining counts (People v Chadick, 122 AD3d 1258 [4th Dept 2014]). Defendant waived his right to a jury trial, and the People and defendant stipulated that the "matter will be handled by way of stipulated facts." Pursuant to the parties' stipulation, County Court reviewed the trial exhibits and transcripts, including the testimony of the codefendant that was erroneously stricken at the jury trial (see id. at 1258-1259), and defendant's medical records for the time period covered by the indictment. The court found him guilty of two counts of grand larceny in the fourth degree.
We reject defendant's contention that the evidence of intent is not legally sufficient to support the conviction under the theory of larceny by false promise (see Penal Law § 155.05 [2] [d]). At the outset, we conclude that defendant's motion for a trial order of dismissal, made at the close of the People's case and renewed at the close of the proof, preserved for our review his present challenge to the sufficiency of the evidence. We further conclude that defendant's objections at the jury trial preserved for our review his related contention that the court erred in admitting in evidence Bankruptcy Court documents introduced during the testimony of the Assistant United States Trustee. In light of the parties' stipulation to use the transcript of the jury trial as the equivalent of a retrial, we reject the People's contention that defendant was required to repeat the motion for a trial order of dismissal or his objections to the documents at issue to preserve his present contentions for our review (see CPL 470.05 [2]). Nevertheless, based upon the evidence at trial, we conclude that the " inference of wrongful intent logically flow[s] from the proven facts,' and there is a valid line of reasoning [that] could lead a rational trier of fact, viewing the evidence in the light most favorable to the People, to conclude that the defendant committed the charged crime[s]' " (People v Barry, 34 AD3d 1258, 1258 [4th Dept 2006], lv denied 8 NY3d 919 [2007], quoting People v Norman, 85 NY2d 609, 620 [1995]). We add that, contrary to defendant's contention, moral certainty is not the appropriate standard for reviewing the legal sufficiency of the evidence on appeal (see Norman, 85 NY2d at 620). We further conclude that the Bankruptcy Court documents at issue were properly admitted in evidence as public documents (see People v Casey, 95 NY2d 354, 361-362 [2000]).
Finally, viewing the evidence in light of the elements of grand larceny in the fourth degree (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have examined defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court