People v Stone (2019 NY Slip Op 01264)





People v Stone


2019 NY Slip Op 01264


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

109322

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SAMANTHA E. STONE, Appellant.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Mark Diamond, Albany, for appellant.
Thomas D. Jackson Jr., Special Prosecutor, Binghamton, for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered March 10, 2017, convicting defendant following a nonjury trial of the crime of course of sexual conduct against a child in the first degree.
We previously reversed a judgment convicting defendant of predatory sexual assault against a child and remitted the matter for a new trial on that count of the indictment, noting in doing so that the crime for which defendant was convicted was created after much of the alleged molestation had occurred (133 AD3d 982, 986 [2015]). Upon remittal, defendant moved for a reinspection of the grand jury minutes and dismissal of the count on the ground of legal insufficiency. County Court reinspected the minutes and agreed that the People had not presented sufficient proof to establish that the requisite conduct occurred after the crime of predatory sexual assault against a child was created. County Court did find legally sufficient support for a lesser included offense, and accordingly ordered that the count be reduced to course of sexual conduct against a child in the first degree (see CPL 210.20 [1-a]). Following a nonjury trial, defendant was convicted of the reduced count. County Court sentenced her to 15 years in prison, to be followed by 20 years of postrelease supervision, and she appeals.
Defendant's attack upon the reduced charge against her is dispositive. "Where a court acts to reduce a charge contained in an indictment and the People fail within 30 days to take any action in response to this decision, the order directing the reduction shall take effect and the [*2]People are obligated, if they intend to pursue a prosecution, to either file an instrument containing the reduced charge or obtain permission to re-present the matter to a grand jury" (People v Casey, 66 AD3d 1128, 1130 [2009]; see CPL 210.20 [6]). Inasmuch as the People did nothing after County Court ordered a reduction in the remaining count, "the only charge that remained viable after the expiration of the [30-day] stay was the reduced count" of course of sexual conduct against a child in the first degree (People v Jackson, 87 NY2d 782, 784 [1996]). The People never filed a reduced indictment charging that offense, however, and County Court had no independent power to effectuate the reduction via an amendment to the original indictment (see CPL 200.70, 210.20 [6] [a]; People v Jackson, 87 NY2d at 789; People v Casey, 66 AD3d at 1130). "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution," and the People's failure to file an indictment charging the reduced count precluded County Court from trying and convicting defendant on it (People v Case, 42 NY2d 98, 99 [1977] [citation omitted]; see NY Const, art I, § 6; CPL 200.10, 210.05; People v Correa, 15 NY3d 213, 228, 231 [2010]). Thus, notwithstanding the absence of any objection by defendant to the problem and a conviction on the reduced count that was supported by sufficient proof at trial, we are constrained to reverse the judgment of conviction and dismiss the original indictment as jurisdictionally defective (see People v Chadick, 122 AD3d 1258, 1259 [2014]; see also People v Haigler, 140 AD3d 1680, 1681 [2016]; People v Casey, 66 AD3d at 1130).
Lynch, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.