People v Alexander (2025 NY Slip Op 00539)

People v Alexander

2025 NY Slip Op 00539

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

595 KA 21-01073

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAWANZA ALEXANDER, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 28, 2019. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on count 1 of the indictment, and count 3 of the indictment is dismissed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that Supreme Court's Molineux ruling constitutes reversible error, and we therefore reverse the judgment and grant a new trial on count 1 of the indictment. "[A]llegations of prior bad acts may not be admitted against [a defendant] for the sole purpose of establishing their propensity for criminality" (People v Weinstein, 42 NY3d 439, 444 [2024], citing People v Molineux, 168 NY 264 [1901]). "Molineux recognized exceptions by which evidence of other crimes could be used to prove the charged crime when such evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan . . . ; [or] (5) the identity of the person charged with the commission of the crime on trial" (Weinstein, 42 NY3d at 457 [internal quotation marks omitted]). "In order to be admissible, Molineux evidence must logically be connected to some specific material issue in the case and be directly relevant to it" (id. [internal quotation marks omitted]; see People v Denson, 26 NY3d 179, 185 [2015]). "The prosecution has the burden of showing this direct relevance" (Weinstein, 42 NY3d at 457). "In reviewing a Molineux ruling, [an appellate court] [f]irst . . . evaluates whether the prosecution has identif[ied] some issue, other than mere criminal propensity, to which the evidence is relevant" (id. at 458 [internal quotation marks omitted]). "This is a question of law, not discretion and [appellate courts] review it de novo" (id. [internal quotation marks omitted]). "Second, if the evidence is relevant to an issue aside from propensity, the [appellate court] determines whether its probative value exceeds the potential for prejudice resulting to the defendant" (id. [internal quotation marks omitted]). "[T]he trial court's decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather, it must constitute an abuse of discretion as a matter of law" (id. [internal quotation marks omitted]).
Here, the charge of criminal possession of a weapon in the second degree is based on allegations that defendant possessed a handgun with the intent to use it unlawfully against his stepchildren, and the People sought to admit the evidence of defendant's "systematic abuse" of his wife to show defendant's motive, intent, absence of mistake, and identity in this case. The evidence, however, is not directly relevant to motive. The evidence of defendant's past conduct demonstrated a pattern of threatening his wife with the gun for perceived infidelity, but it did not complete a narrative that would explain or support defendant's sudden aggression against his stepchildren (see People v Gamble, 229 AD3d 1290, 1291 [4th Dept 2024], lv denied 42 NY3d 970 [2024]). The evidence also is entirely unnecessary to establish defendant's intent. Mere possession of a firearm is "presumptive evidence of intent to use [it] unlawfully against another" (Penal Law § 265.15 [4]). Further, there is no question whether defendant's alleged actions were the result of accident or mistake (see People v Telfair, 41 NY3d 107, 113 [2023]), and defendant's identity is not at issue.
Moreover, even if the evidence is relevant to an exception under Molineux, the court abused its discretion in determining that its probative value outweighed its potential for prejudice (see Gamble, 229 AD3d at 1291-1292). Evidence that defendant previously threatened his wife with a gun showed that defendant " 'had allegedly engaged in similar behavior on a prior occasion . . . —classic propensity evidence' " (id. at 1292, quoting People v Leonard, 29 NY3d 1, 8 [2017]). It is " 'of slight value when compared to the possible prejudice to [defendant]' and therefore should not have been admitted" (People v Mhina, 110 AD3d 1445, 1447 [4th Dept 2013], quoting People v Allweiss, 48 NY2d 40, 47 [1979]).
Finally, we conclude that the error in admitting the evidence is not harmless (see People v Mountzouros, 206 AD3d 1706, 1708 [4th Dept 2022]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]), even in light of the court's limiting instruction (see Mhina, 110 AD3d at 1447). "Under the standard applicable for nonconstitutional errors, an error is harmless if the proof of defendant's guilt is overwhelming and there is no significant probability that the jury would have acquitted defendant had the error not occurred" (People v Williams, 25 NY3d 185, 194 [2015]), and here, "it cannot be said that the proof of guilt, which turned primarily on an assessment of the credibility of testimony, was overwhelming" (Mountzouros, 206 AD3d at 1708). In light of our determination to grant a new trial, we do not address defendant's remaining contentions.
Finally, we note that, before jury selection and at the People's request, the court reduced the charge in count 3 of the indictment from criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) to criminal possession of a weapon in the fourth degree (§ 265.01 [1]) (see CPL 200.70). The People thereafter failed to file a reduced or amended accusatory instrument. Inasmuch as " '[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Dumay, 23 NY3d 518, 522 [2014], quoting People v Dreyden, 15 NY3d 100, 103 [2010]; see generally CPL 200.10), count 3 of the indictment must be dismissed (see People v Chadick, 122 AD3d 1258, 1259 [4th Dept 2014]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court